**In the Matter of James R. WIESNETH, Jr., Respondent.**

**No. 84S00–1104–DI–231.**

Supreme Court of Indiana.

Dec. 9, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2009, a mortgage holder retained Respondent to represent it in a dispute with a debtor who was in arrears on his loan, paying Respondent a flat fee of $1,500 for representation in a mortgage foreclosure action. Thereafter, Respondent failed to obtain service, neglected the case, and failed to respond to numerous attempts by client to communicate with him about the case. After the client discharged him and retained re-placement counsel, Respondent failed to refund any part of his fee and failed to turn over complete case file materials to replacement counsel.

After the client filed a grievance with the Commission, Respondent provided a letter and invoice to the client asserting that he had earned the entire flat fee, despite not completing the representation. After the Commission filed its verified complaint, Respondent paid the client $900 as a refund of the unearned portion of his fee.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent accepts full responsibility for his actions.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3) and (4): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.16(d): Failure to refund an unearned fee upon termination of representation, and failure to return to a client case file materials to which the client is entitled after termination of representation.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the ac-

ceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON and RUCKER, JJ., who believe the discipline is insufficient in light of Respondent's admitted misconduct.